# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **(1)** | **VESTA REALTY, LLC,** | ) |
| | **a Kansas limited liability company; and,** | ) |
| **(2)** | **VESTA CAPITAL, LLC,** | ) |
| | **a Kansas limited liability company,** | ) |
| | | ) |
| | **Plaintiffs,** | ) |
| | | ) **Case No. 22-cv-00392-JFH-CDL** |
| **vs.** | | ) |
| | | ) |
| **(1)** | **SOMERSET BEST LIVING, LLC,** | ) |
| | **a Delaware limited liability company;** | ) |
| **(2)** | **MARC REALTY, LLC, a Delaware** | ) |
| | **limited liability company; and** | ) |
| **(3)** | **LAURENCE H. WEINER;** | ) |
| | | ) |
| | **Defendants.** | ) |

## COMPLAINT

Plaintiffs, Vesta Realty, LLC and Vesta Capital, LLC, for their Complaint against Defendants, Somerset Best Living, LLC, Marc Realty, LLC, and Laurence H. Weiner, allege and state as follows:

## PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff, Vesta Realty, LLC ("**VR**") is a Kansas limited liability company authorized to conduct business in Oklahoma and doing business in Tulsa, Oklahoma.

2.     Plaintiff, Vesta Capital, LLC ("**VC**") is a Kansas limited liability company authorized to conduct business in Oklahoma and doing business in Tulsa, Oklahoma.

3.     Defendant, Somerset Best Living, LLC ("**Somerset**") is a Delaware limited liability company authorized to conduct business in Oklahoma and doing business in Tulsa, Oklahoma.

1

4.      Defendant, Marc Realty, LLC ("**MR**"), is an Illinois limited liability company doing business in Tulsa, Oklahoma.

5.      Defendant, Laurence H. Weiner ("**Weiner**"), is an individual resident of Chicago, Illinois.

6.      This Court has subject-matter jurisdiction over this case under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount of controversy exceeds $75,000.

7.      This Court has jurisdiction over the parties to this action.   Venue is proper in this Court.

**FACTS**

8.      On October 22, 2019, Defendant, Somerset, purchased an apartment complex located in Tulsa, Oklahoma commonly known as Somerset Park at Union Apartments (the "**Project**").

9.      At all relevant times, Defendant, Weiner, has been (whether directly or indirectly) an owner of a membership interest in Somerset and a manager and member of Defendant, MR.

10.     In connection with Somerset's acquisition of the Project, Defendant, MR and VC entered into an agreement that was memorialized by the execution of that certain Summary Terms for Somerset Park at Union in Tulsa, Oklahoma dated September 20, 2019 (the "**Terms**").   As evidenced by the Terms, MR agreed that VC would be entitled to receive twenty percent (20%) of the Project's cash flow after MR had received a 10% preferred return.   In addition, upon the occurrence of a capital transaction involving the Project, MR agreed that VC would be entitled to receive twenty percent (20%) of the proceeds from such capital transaction after MR had received

a 10% preferred return and all of MR's capital contributions to the Project had been returned.   The preceding rights to cash flow and proceeds from a capital transaction are collectively referred to herein as the "**Carried Interest**."

11.     To Plaintiff's knowledge, all conditions precedent to the payment of the cash flow portion of the Carried Interest have been fulfilled.

12.     However, MR has not paid such money to VC.

13.     Further, MR has expressly stated it will never pay the Carried Interest due to VC under the Terms.   Thus, MR has unequivocally repudiated its obligation to pay VC the Carried Interest.

14.     The purpose of the Terms was to reward VC for locating the Project as an investment for MR.   Additionally, the Terms set forth compensation for VC to provide services for the Project and to cause VR to manage the Project.

15.     MR intended for VC to rely on the Terms as a valuable incentive to VC to partner with MR on the Project.   To that end, the Terms granted VC a present vested interest or contractual right in and to the payments due thereunder and did not contain any provision providing for a termination of this right.

16.     Plaintiff acted in reliance on the provisions of the Terms by rejecting possibilities of seeking other investors for the Project, and by devoting extraordinary efforts to the Project. Such efforts have materially increased the value of the Project.

17.     Plaintiff has vested contractual rights for the payments due under the Terms.   MR's unequivocal stated intention to not pay the sums due to VC under the Terms is a clear anticipatory repudiation of the Terms.

18.     By rejecting VC's rights under the Terms after VC was induced to enter into the same, MR thereby made it clear not only that it repudiated the Terms, but also that it never intended to fulfill the payment obligations set forth in the Terms when it was executed.

19.     On or about October 17, 2019, in connection with Somerset's acquisition of the Project, VR and Somerset entered into a Property Management Agreement (the "**Property Management Agreement**").   Under the terms of the Property Management Agreement, Somerset exclusively retained VR to provide management and operations services for the Project, including but not limited to oversight of repairs and maintenance, leasing, and marketing, and other services as more fully described in the Property Management Agreement.

20.     Under the terms of the Property Management Agreement, Somerset agreed to pay VR, *inter alia*, a monthly management fee of three and one-half percent (3.5%) of the Gross Monthly Income of the Project (as defined in the Property Management Agreement) as compensation for the services rendered by VR (the "**Property Management Fee**").

21.     All conditions precedent to VR's entitlement to payment of the Property Management Fee have been fulfilled.

22.     Despite demand, Somerset has failed and refused to pay VR the Property Management Fee due and owing under the terms of the Property Management Agreement.

23.     The Property Management Agreement further provides that Somerset shall reimburse VR for all expenses advanced by VR in performance of its services under the Property Management Agreement.

24.     Somerset authorized VR to expend funds to implement a water savings program at the Project, which sum was to be repaid to VR by Somerset.   The implementation of the water

4

savings program has conferred substantial benefit and savings to the Project of approximately $150,000 per year.

25.     Despite demand, Somerset has failed and refused to pay VR the funds VR expended to implement the water savings program.

26.     On or about October 22, 2019, VR and Somerset entered into an Acquisition and Asset Management Fee Agreement (the "**Asset Management Agreement**").   Under the terms of the Asset Management Agreement, VR is entitled to receive, *inter alia*, compensation in the amount of one percent (1%) of the Gross Monthly Income of the Project (as defined in the Property Management Agreement) for each calendar year (the "**Asset Management Fee**").

27.     All conditions precedent to VR's entitlement to payment of the Asset Management Fee have been fulfilled.

28.     Despite demand, Somerset has failed and refused to pay VR the Asset Management Fee due and owing under the terms of the Asset Management Agreement.

## FIRST CLAIM FOR RELIEF
### (DECLARATORY JUDGMENT – VC v. MR)

29.     As a result of the events described above, there is an actual controversy between MR and VC regarding their rights and obligations under the Terms.

30.     In accordance with Okla. Stat. tit. 12, §§1651-1657 and 28 U.S.C. §§2201-2202, VC is entitled to a declaratory judgment determining the rights and obligations of the parties under the Terms, including but not limited to a declaration that: (i) VC has a present vested interest in the Carried Interest and all amounts due pursuant thereto; (ii) MR has wrongfully repudiated and breached its obligations under the Terms; and (iii) VC's rights to the Carried Interest and all

amounts due pursuant thereto cannot be defeated or encumbered without the express written consent of VC.

31.     VC is also entitled to further and additional relief from MR in connection with the declaratory judgment, including injunctive relief, specific performance, damages and/or attorney fees.

WHEREFORE, Plaintiff, Vesta Capital, LLC, prays for the following relief against Defendant, Marc Realty, LLC:

a.      A declaratory judgment as set forth above;

b.      Further relief as set forth above and/or deemed appropriate by the Court; and

c.      Costs of suit, attorneys' fees and other relief that may be deemed just and proper by the Court.

## SECOND CLAIM FOR RELIEF
### (ANTICIPATORY REPUDIATION OF TERMS – VC v. MR)

32.     As shown by the facts set forth above, MR has repudiated the Terms by stating its unequivocal intention to not perform its obligations to VC thereunder.   The conduct of MR constituted a material breach of the Terms.

33.     Such repudiation and breach have damaged VC in an amount in excess of $75,000 each.

WHEREFORE, Plaintiff, Vesta Capital, LLC, prays for the following relief against Defendant, Marc Realty, LLC:

a.      Money damages in an amount in excess of $75,000;

b.      Pre-judgment interest as provided by law; and

c.      Costs of suit, attorneys' fees, and other relief that may be deemed just and proper by the Court.

**THIRD CLAIM FOR RELIEF**
**(BREACH OF TERMS – VC v. MR)**

34.      Payments due to VC under the Terms have accrued and are due and owing.

35.      Despite demand, MR has failed and refused to pay the amounts due to VC.

36.      MR has also breached implied covenants in the Terms.   Like any contract in Oklahoma, the Terms contain implied covenants that neither party would do anything to wrongfully deprive the other party of the intended fruits of the contract and covenants of good faith and fair dealing.   MR has materially breached the Terms and these implied covenants by its actions as set forth herein.

37.      VC has been damaged in an amount in excess of $75,000 as a result of the breach of the Terms by MR.

WHEREFORE, Plaintiff, Vesta Capital, LLC prays for the following relief against Defendant, Marc Realty, LLC:

a.      Actual damages in an amount in excess of $75,000;

b.      Pre-judgment interest as provided by law; and

d.      Costs of the suit, attorneys' fees, and other relief that may be deemed just and proper by the Court.

**FOURTH CLAIM FOR RELIEF**
**(FRAUD, MISREPRESENTATION AND DECEIT– VC v. MR and WEINER)**

38.      MR, as an entity and through its manager, Defendant, Laurence H. Weiner, promised and represented to VC that VC would receive the sums due under the Terms if VC

partnered with MR on the Project.

39.     These promises and representations were material and were made with the intention that VC would rely upon them, and/or material facts were concealed with the intent of creating a false impression of the actual facts in the mind of VC.

40.     VC reasonably relied upon these promises and representations and changed its position in furtherance of its reliance.

41.     At the time they originally made the promises and representations to VC, MR and Weiner intended to break their promises and ignore their agreements with VC whenever they perceived it was advantageous to do so, and they concealed this from VC.

42.     MR, through its manager, Weiner, has dishonored its promises and representations and unilaterally refused to acknowledge VC's rights under the Terms or make payments due to VC under the Terms.

43.     As a result of VC trusting and reasonably relying on these fraudulent promises and representations by MR and Weiner, VC has suffered extensive detriment and damage, in an amount in excess of $75,000.

44.     MR and Weiner further acted wantonly and willfully and with fraudulent design, malice and utter disregard for the rights of VC, and with that state of mind for which the law permits the imposition of exemplary damages.   Such damages are essential in this case to deliver a message to the community that conduct of this kind will not be rewarded or tolerated.

WHEREFORE, Plaintiff, Vesta Capital, LLC prays for the following relief against Defendants, Marc Realty, LLC and Laurence H. Weiner, jointly and severally:

a.     Actual damages in an amount in excess of $75,000;

b.      Exemplary damages in an amount in excess of $75,000;

c.      Pre-judgment interest as provided by law; and

d.      Costs of suit, attorneys' fees, and other relief that may be deemed just and proper by the Court.

## FIFTH CLAIM FOR RELIEF
### (BREACH OF PROPERTY MANAGEMENT AGREEMENT – VR v. SOMERSET)

45.     Payments due to VR under the Property Management Agreement for (i) the Property Management Fee in the amount of $84,330.82 have accrued and are due and owing, and (ii) advanced expenses in the amount of $183,522.47 have accrued and are due and owing.

46.     Despite demand, Somerset has failed and refused to pay the amounts due to VR.

47.     Somerset has also breached implied covenants in the Property Management Agreement.  Like any contract in Oklahoma, the Property Management Agreement contains implied covenants that neither party would do anything to wrongfully deprive the other party of the intended fruits of the contract and covenants of good faith and fair dealing.  Somerset has materially breached the Property Management Agreement and these implied covenants by its actions as set forth herein.

48.     Somerset has been damaged in an amount in excess of $75,000 as a result of the breach of the Property Management Agreement by Somerset.

WHEREFORE, Plaintiff, Vesta Realty, LLC prays for the following relief against Defendant, Somerset Best Living, LLC:

a.      Actual damages in an amount in excess of $75,000;

b.      Pre-judgment interest as provided by law; and

d.      Costs of the suit, attorney fees and other relief that may be deemed just and proper by the Court.

## SIXTH CLAIM FOR RELIEF
### (BREACH OF ASSET MANAGEMENT AGREEMENT – VR V. SOMERSET)

49.     Payments due to VR under the Asset Management Agreement for the Asset Management Fee in the amount of $33,653.36 have accrued and are due and owing.

35.     Despite demand, Somerset has failed and refused to pay the amounts due to VR.

36.     Somerset has also breached implied covenants in the Asset Management Agreement.   Like any contract in Oklahoma, the Asset Management Agreement contains implied covenants that neither party would do anything to wrongfully deprive the other party of the intended fruits of the contract and covenants of good faith and fair dealing.   Somerset has materially breached the Asset Management Agreement and these implied covenants by its actions as set forth herein.

37.     VR has been damaged in an amount in excess of $75,000 as a result of the breach of the Asset Management Agreement by Somerset.

WHEREFORE, Plaintiff, Vesta Realty, LLC prays for the following relief against Defendant, Somerset Best Living, LLC:

a.      Actual damages in an amount in excess of $75,000;

b.      Pre-judgment interest as provided by law; and

d.      Costs of the suit, attorney fees and other relief that may be deemed just and proper by the Court.

## SEVENTH CLAIM FOR RELIEF
### (ACCOUNTING OF SOMERSET FINANCES)

38.     Pursuant to the terms and conditions of the Terms, VC is entitled to a complete accounting of all funds related to the Project and all other information related to the financial affairs of Somerset to determine the amount owed to it.

39.     Pursuant to the terms and conditions of the Property Management Agreement, VR is entitled to a complete accounting of all funds related to the Project and all other information related to the financial affairs of Somerset to determine the amount owed to it.

JURY TRIAL DEMANDED

Respectfully submitted,

/s/ Thomas M. Askew
Robert P. Skeith, OBA #16307
rskeith@riggsabney.com
Thomas M. Askew, OBA #13568
taskew@riggsabney.com
Riggs, Abney, Neal, Turpen, Orbison & Lewis
502 W. Sixth St.
Tulsa, OK  74149
918.587.3161 – Telephone
918.587.9708 – Facsimile
*Attorneys for Plaintiffs*

11