IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VESTA REALTY, LLC et al.,<br><br>      Plaintiffs,<br>v.<br>SOMERSET BEST LIVING, LLC et al.,<br><br>      Defendants. | Case No. 22-CV-392-JFH-CDL |

**OPINION AND ORDER**

This matter is before the Court on the motions to withdraw filed by Robert G. McCampbell and Andrew J. Hofland of GableGotwals and Robert D. Carroll of Landsman Saldinger Carroll (appearing pro hac vice) (collectively "Movants"), who are counsel of record for Defendants Somerset Best Living, LLC, Marc Realty, LLC, Laurence Weiner, Somerset Holdings, LLC, and 55 East Jackson, LLC ("Defendants"). Dkt. No. 58; Dkt. No. 59. Movants state that their clients wish to terminate the attorney-client relationship and retain different counsel to represent them. Dkt. No. 58 at 2; Dkt. No. 59 at 2.

In this district, an attorney of record shall not withdraw from a case except upon reasonable notice to the client and all other parties who have appeared in the case and by leave of the judge to whom the case is assigned. LCvR4-4. "The grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court." *Sanders v. Sw. Bell Tel., L.P.*, No. 03-CV-0452-CVE-FHM, 2009 WL 1765981, at *2 (N.D. Okla. June 16, 2009) (citing *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir.1982). "Generally, district courts consider whether the case will be disrupted by the withdrawal of counsel; however, there are some situations in which an attorney will be permitted to withdraw even if it results in disruption." *Sanders*, No. 03-CV-0452-CVE-FHM, 2009 WL 1765981, at *2; *see Whiting v. Lacara*, 187 F.3d 317, 321 (2d Cir. 1999); *see, e.g., Washington*, 694 F.2d at 1088 (holding that

the district court did not abuse its discretion in granting counsel's motion to withdraw where communication had deteriorated between attorney and client).

Movants indicate that they have provided reasonable notice to the clients and to all parties who have appeared in the case of their intention to move for withdrawal. Dkt. No. 58 at 2; Dkt. No. 59 at 2. Movants also indicate that the opposing parties do not oppose the requested relief. *Id.* Having reviewed their respective motions, the Court finds a sufficient basis for Movants' withdrawal from the case. However, Defendants Somerset Best Living, LLC, Marc Realty, LLC, Somerset Holdings, LLC, and 55 East Jackson, LLC (the "LLC Defendants") are limited liability companies who may not proceed pro se. *See* LCvR 17-1; *see also Am. Contractors Indem. v. Boeding*, 490 F. App'x. 141, 145 (10th Cir. 2012) (holding that a limited liability company could not be represented by a non-attorney on appeal); *Roscoe v. United States*, 134 F. App'x 226, 227 (10th Cir. 2005) (dismissing the limited liability company as a pro se plaintiff); *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) (citing cases); *Eberth v. Corey Galyean Trucking, LLC*, No. 12-2289, 2013 WL 5255636, at *3 (D. Kan. Sept. 17, 2013) (holding that a non-attorney could not represent a limited liability company).

IT IS THEREFORE ORDERED that:

(1) The motions to withdraw [Dkt. No. 58; Dkt. No. 59] are GRANTED, and Robert G. McCampbell and Andrew J. Hofland of GableGotwals and Robert D. Carroll of Landsman Saldinger Carroll are terminated as counsel of record for Defendants; subject to the condition that papers may continue to be served upon them for forwarding to Defendants until such time as Defendants appear through new counsel;

(2) The LLC Defendants are directed to engage replacement counsel to file an entry of appearance no later than December 5, 2023. If the LLC Defendants fail to obtain

counsel to represent them in this action by the set date, default judgment may be entered against them.

(3) Movants are directed to promptly serve this Order on Defendants and to file a certificate of service.

Dated this 6th day of November 2023.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE